THE CUMBERLAND COUNTY GAS COMPANY, PROSECUTOR,
v. WILBERT J. SIMMERMAN, COLLECTOR OF TAXES
OF MILLVILLE, RESPONDENT.

Argued January 14, 1919—Decided January 31, 1919.

Under paragraph 28, Revised Tax act (*Pamph. L.* 1903, *p.* 394; *Comp. Stat., p.* 5107), it shall be the duty of the collector of taxes to enter on the duplicate, a proper assessment against any property omitted by the assessor, giving the owner immediate notice of such entry and the time and place of the next meeting of the commissioners of appeal. In this case, it is a question of fact under the evidence, whether the property entered on the duplicate by the collector, was or was not omitted property. The question on the part of the assessors is not one of an intention to assess, but of fact, whether the property was actually assessed.

On *certiorari.*

Before Justice BLACK, sitting alone, pursuant to the statute.

For the prosecutor, *Lewis Starr.*

For the respondent, *Louis H. Miller.*

The opinion of the court was delivered by

BLACK, J. The fundamental question underlying the controversy in this case is one of fact. The prosecutor, as shown by the duplicate, was assessed for taxes for the year 1918, at No. 233 High street, Millville, in the name of the "Millville Gas Light Company." Value of personal property, $120,000. On November 2d, 1918, Wilbert J. Simmerman, the collector of taxes of the city of Millville, entered on the tax duplicate, called in the notice sent to the prosecutor, "omitted property" described as three and one-half acres of land in the city of Millville, bounded on the west by North Second street, on the north by Elizabeth street, on the east by the West Jersey and Seashore Railroad Company, and on the south by lands of the

Millville Electric Light Company, assessed at $2,000. Improvements, the buildings, gas holders, gas-producing and gas-making equipment, &c., an assessment of $190,950. This act of the collector was made in pursuance of section twenty-eight (28) of the Revised Tax act. *Pamph. L.* 1903, *p.* 394; *Comp. Stat., p.* 5107. Immediate notice was given to the prosecutor of such entry and also that the next meeting of the Cumberland county board of taxation, the commissioners of appeals, would be held at the city hall, Millville, New Jersey, on Tuesday, November 26th, 1918, at ten o'clock in the forenoon, for hearing appeals from assessments for the purpose of taxation.

There is no contention by the prosecutor that the statute was not complied with if the facts justified the action of the collector. The prosecutor argues at the outset that the application is not to set aside the assessment made by the collector upon the ground that any irregularity, so far as the method by which the assessment was made is concerned, but the attack is upon the validity of the assessment itself, upon the ground that it cannot be justified under the provision of section twenty-eight (28) of the Revised Tax act (*Pamph. L.* 1903, *p.* 394; *Comp. Stat., p.* 5107), by virtue of which the collector assumed to act. That the property assessed by the collector had not been omitted from the duplicate by the assessors, but was included in the valuation made by the latter at $120,000 for personal property. This, then, as stated at the outset, is the fundamental and only question involved in this controversy, the solution of which depends upon the facts returned with the writ, in addition to the form and amount of the assessment, entered on the duplicate, which is not conclusive, but is certainly significant. Testimony of Mr. S. J. Franklin, vice president and general manager of the prosecutor, is: The value of the company's property in the city of Millville—mains, $127,789; services, $41,690; meters, $45,-660; total, $215,139; plant, $192,953, the aggregate value of the physical property in the city of Millville, $408,092. As against this testimony, Mr. Alonzo R. Moore, Mr. Charles

Reeves and Mr. Joshua Cossaboom, three assessors of the city of Millville, were called and testified, viz.: "We intended to cover the whole plant—that was the intention of the board—suppose to include the whole property," but nowhere, that I can find in the record, is it stated that in point of fact the assessors did assess the entire property. The question is not one of intention but one of fact. I find, therefore, as a fact from the record that the property entered by the collector was omitted property—that the act of the collector was in conformity to the statute. The statute carefully guards the rights of the prosecutor by requiring an immediate notice to be given to the property owner that such an assessment has been made by the collector, and also stating where and when an appeal can be taken to the commissioners of appeal, now the county board of taxation. *Mitsch* v. *Township of Riverside,* 86 *N. J. L.* 603, 607. This, as it seems to me, disposes of all the questions involved or argued in this case. The assessment of omitted property, as made by the collector of taxes of the city of Millville, will be confirmed, with costs.